IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DARRELL MARTIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-11-3183
CRIMINAL NO.: WDQ-09-0600

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Darrell Martin's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I. Background

On July 30, 2010, Martin pled guilty to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). In his plea agreement with the Government, Martin agreed that he had possessed 52.3 grams of crack cocaine. ECF No. 43 at 9-10. Each count carried a mandatory sentence of five years in prison, and the Government agreed not to use Martin's prior felony drug convictions to enhance the mandatory

sentences.[1]

The parties agreed that an appropriate sentence would be 72-120 months imprisonment. ECF No. 43 at 4. Martin waived his right to appeal his sentence, unless the Court imposed an illegal sentence or a sentence above 120 months. *Id.* at 5. He waived his right to appeal his conviction. *Id.*

The Presentence Report ("PSR") provided that Martin had a base offense level of 26. This was reduced three levels -- to 23 -- for Martin's acceptance of responsibility.

The PSR stated that Martin had 18 criminal history points, including two points because Martin had been on probation at the time of the charged offenses. Thus, Martin was in criminal history category VI.

Martin's offense level and criminal history category yielded an advisory sentencing guidelines range of 92-115 months.

At sentencing on November 12, 2010, the Government presented two law enforcement witnesses. Cpl. Martin Holt of the Frederick City Police Department testified that, on July 9, 2009, he saw Martin driving a Lexus with a license tag that had been tied to suspected drug activity. Sentencing Tr. 5:8-9:25, Nov. 12, 2010. Frederick Police Officer Jonathan Shatlock

---

[1] ECF No. 43 at 2, 4. Martin had 19 adult convictions, including multiple convictions for possession with intent to distribute drugs. Sentencing Tr. 27:19-23, Nov. 12, 2010.

testified that he arrested Martin on July 9, 2009, and November, 19, 2009, and both times Martin had drugs and large amounts of money. *Id.* 11:23-14:6. Shatlock also testified that, before the November 2009 arrest, Martin had filed a complaint, alleging that Shatlock had previously stopped him, taken money, and not returned all of it. 14:25-15:8.

The Government requested a 120-month sentence. Sentencing Tr. 17:15-20, Nov. 12, 2010. The defense asked for a 72-month sentence. *Id.* 18:7-25:17. The Court imposed concurrent 96-month terms on Counts 1 and 2, and four-year concurrent terms of supervised release. *Id.* 28:20-24. The Court advised Martin that he had 14 days to appeal. *Id.* 29:10-12.

On November 24, 2010, Martin's attorney filed a notice of appeal. ECF No. 50. On June 21, 2011, the Fourth Circuit dismissed the appeal. ECF No. 62.

On November 7, 2011, Martin moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 64. On December 6, 2011, the Government opposed the motion. ECF No. 66.

II. Analysis

Martin argues that his attorney provided ineffective assistance of counsel by failing to file a timely notice of appeal, provide him *Jencks* and *Brady* material, object to the use of his probation violation in calculating his sentence, and

request that he be sentenced under the Fair Sentencing Act. ECF No. 64 at 4-5.

A. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Under *Strickland*, Martin must prove that counsel's performance: (1) was deficient and (2) prejudiced his defense. *Id.* at 687; *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Deficient performance requires Martin to show that his attorney made errors so serious that the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686, 689. A court must be "highly deferential" in its review of an attorney's conduct, observing a "strong presumption" that counsel's conduct fell "within the wide range of reasonable professional assistance." *Id.* at 689.

To demonstrate prejudice, Martin must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

B. Martin's Motion

1. Notice of Appeal

Martin argues that his attorney provided ineffective assistance because he did not file a timely notice of appeal. ECF No. 64 at 4.

As the Government notes, Martin "is simply wrong." ECF No. 66. At sentencing on November 12, 2010, the Court advised Martin that he had 14 days to appeal.[2] On November 24, 2010 -- 12 days later -- his attorney filed a notice of appeal.[3] Accordingly, this claim is not a basis for relief.

2. *Brady* and *Jencks* Material

Without elaboration, Martin argues that he did not "receive a fair hearing" because his attorney did "not turn[] over . . . any . . . *Jencks* and *Brady* material." ECF No. 64 at 4. The Government counters that "[i]t is unclear exactly what the basis for this ground is," and Martin's "bare bones contention has no merit." ECF No. 66 at 2.

*Jencks* material is any statement in the Government's possession made by a Government witness that relates to the subject of the witness's testimony at a proceeding. 18 U.S.C. § 3500(b). Upon the defendant's motion, the Government must disclose such statements after the witness has testified on direct examination. *Id.* Two witnesses testified at Martin's

---

[2] Sentencing Tr. 29:10-12, Nov. 12, 2010. Although Martin contends that he had only 10 days to appeal, *see* ECF No. 64 at 4, Fed. R. App. P. 4(b)(1)(A) was amended in 2009 to provide criminal defendants 14 days to appeal.

[3] ECF No. 50. An opening appellate brief was filed on March 28, 2011, but the Fourth Circuit dismissed the case after finding that Martin had waived his right to appeal in his plea agreement. *See* ECF No 66, Ex. A (Fourth Circuit's unpublished order); *United States v. Darrell Martin*, Fourth Circuit Appeal No. 10-5214, ECF No. 15 (Opening Brief).

5

sentencing, but Martin has not specified any pre-hearing statements in the Government's possession that his attorney failed to share with him, or how he was deprived of a fair sentencing hearing. Accordingly, the Court cannot conclude that Martin's attorney acted unreasonably -- and provided ineffective assistance.[4]

Martin also has not specified any *Brady* material his attorney has withheld. *Brady* material is evidence in the Government's possession that is favorable to the defense; it must be disclosed.[5] Because Martin has provided no factual support for his allegation, he is not entitled to an evidentiary hearing or relief on this claim. *See United States v. Roane*, 378 F.3d at 400-01.

3. Objections at Sentencing

Without elaboration, Martin argues that his attorney

---

[4] *See Strickland*, 466 U.S. at 686, 689. Martin's mere "conclusory allegations" do not entitle him to an evidentiary hearing on this claim. *See United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) ("airy generalities" and "conclusory assertions" do not "entitle a habeas petitioner to an evidentiary hearing") (internal citation and quotation marks omitted); *Pauley v. Rison*, 885 F.2d 865 (table), 1989 WL 106913, at *2 (4th Cir. 1989) (district court did not err in dismissing a § 2255 petition without an evidentiary hearing when the petitioner had "alleged no specific facts," and given "no hint of the nature of any" constitutional violation).

[5] *See Brady v. Maryland*, 373 U.S. 83, 86-88 (1963) (requiring disclosure of exculpatory evidence); *Giglio v. United States*, 405 U.S. 150, 153-55 (1972) (requiring disclosure of evidence relevant to the credibility of Government witnesses).

provided ineffective assistance of counsel because he did not object "at sentencing under Amendment 709," and "allowed [Martin] to receive points for Parole & Probation Violation." ECF No. 64 at 4. The Government counters that Martin's criminal history score was correct, and Martin has not denied that he was on probation when he committed these offenses. ECF No. 66 at 6.

Amendment 709 of the U.S. Sentencing Guidelines governs the assessment of criminal history points for multiple prior related sentences and certain misdemeanors and petty offenses.[6] Under § 4A1.1(d) of the advisory sentencing guidelines, two criminal history points are added if the defendant was on probation when he committed the charged offense. See U.S. Sentencing Guidelines § 4A1.1(d) (2010).

Martin has not explained the basis on which his attorney could have objected to his sentence under Amendment 709. Further, Martin has not denied that he was on probation when he committed these crimes. Accordingly, Martin's attorney did not provide ineffective assistance by failing to object to the two-point increase in Martin's criminal history score. See Strickland, 466 U.S. at 686, 689.

---

[6] See U.S. Sentencing Guidelines, App. C, Amend. 709 (2007). The amendment clarified that prior sentences for offenses separated by an intervening arrest are to be counted individually in calculating a defendant's criminal history. Id. The amendment also explained which misdemeanors and petty offenses should be counted in a criminal history score. Id.

4. Fair Sentencing Act

Martin argues that his attorney provided ineffective assistance of counsel because he did not request that Martin be sentenced under the Fair Sentencing Act ("FSA"). *See* ECF No. 64 at 5. The Government counters that Martin is "simply wrong" because Martin's sentence was calculated under the FSA. ECF No. 66 at 6-7.

Enacted on August 3, 2010, the FSA amended the Controlled Substances Act by raising the threshold amounts of crack that trigger mandatory sentences for convictions under 21 U.S.C. § 841(a). *See* Pub. L. No. 111-220, 124 Stat. 2372. Before the FSA, one gram of crack cocaine equated to 100 grams of powder cocaine. *See United States v. Munn*, 595 F.3d 183, 186 n.5 (4th Cir. 2010). The FSA reduced the crack-powder ratio to 18-to-1. *United States v. Gregg*, 435 F. App'x 209, 221 n.5 (4th Cir. 2011).

Martin admitted that he had possessed 52.3 grams of crack cocaine. ECF No. 43 at 9-10. Before the FSA, possession of this amount of crack yielded a base offense level of 30. *See* U.S. Sentencing Guidelines § 2D1.1(c) (2009). Under the FSA, that amount yields a base offense level of 26.[7] Martin's base offense level of 26 was in accordance with the FSA. Thus, this

---

[7] *See* U.S. Sentencing Guidelines § 2D1.1(c) (2011). Amendment 750 amended the sentencing guidelines in accordance with the FSA. *See* U.S. Sentencing Guidelines App. C, Amend. 750 (2011).

claim has no merit.

C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Martin has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Martin's motion to vacate, set aside, or correct sentence will be denied.

_____4/25/12_____                    _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge